UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ALLAN G. EDWARDS, JR., | ) |
| | ) |
| Plaintiff, | ) 3:08-cv-00623-LRH-VPC |
| | ) |
| v. | ) |
| | ) ORDER |
| JAMES M. COPENHAVER, | ) |
| | ) |
| Defendant. | ) |

This action concerns a legal malpractice dispute between Defendant James Copenhaver, a lawyer, and Plaintiff Alan Edwards, pro se, a former client of Copenhaver. In his complaint, Edwards alleges this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because he is a domiciliary of New Hampshire and Copenhaver is a resident of Nevada. In his motion to dismiss for lack of subject jurisdiction, Copenhaver makes a factual challenge to this court's subject matter jurisdiction arguing that Edwards is in reality a citizen of Nevada. Because Edwards failed to make an adequate showing that he is a citizen of New Hampshire, Copenhaver's motion to dismiss is granted.[1]

///

---

[1] In addition, Edwards complaint is facially defective as to this court's subject matter jurisdiction given its allegation that Edwards is a Nevada "resident." *See Kanter v. Warnter-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (stating that merely alleging a party's residence is insufficient to establish the party's citizenship).

**I.     Facts**

Since 1964, Edwards has practiced medicine from offices in Boston and Cambridge, Massachusetts. Edwards swears that "[s]ince year 1988 with one brief exception, I have maintained citizenship in nearby Wilton Center, New Hampshire 03086." He further provides that "I also own domestic property in Weston, Massachusetts, where I spend some moderate amount of time."

Edwards also owns a ranch in Elko County, Nevada. For sixteen years until the second half of 2007, Edwards leased the ranch. During the second half of 2007, however, the ranch's tenant developed health problems, rendering him incapable of leasing the ranch. As a consequence, Edwards "relinquish[ed] his New England presence and transfer[ed] his major ongoing presence" to Nevada so he could operate his ranch. To "establish and authenticate his Nevada presence and prerogatives of Nevada citizenship" Edwards states he "established various manifestations of Nevada citizenship." These manifestations included his December 31, 2007, execution of a Nevada Declaration of Homestead. Edwards also swears that he "sought to establish a major ranch presence along with Nevada citizenship . . . , which he had hoped for years to do."

In 2008, as Edwards made preparations to operate his ranch for the 2008 grazing season, he found a new tenant. At the same time, Edwards experienced a recurring heart problem that required his transfer to Boston for medical care. Over the summer of 2008, Edwards had three separate heart operations in Boston. Because of these medical complications and the lease of his Nevada ranch, Edwards was compelled to return to "his earlier New Hampshire/New England address." Edwards further swears that "he was once again a solidly-established New Hampshire citizen many months before he was compelled to file the within Action naming Attorney Copenhaver." This action was filed January 6, 2009.

**II.    Legal Standard**

The district courts of the United States have original jurisdiction of civil actions when the

1  suit is between citizens of different states and the amount in controversy, exclusive of interest and
2  costs, exceeds $75,000. 28 U.S.C. § 1332(a). Federal courts exercising subject-matter jurisdiction
3  pursuant to 28 U.S.C. § 1332(a) must ensure complete diversity of citizenship between the
4  opposing parties. *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181 (9th Cir. 2004) (*citing Strawbridge
5  v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806)).

6        In support of a motion to dismiss for lack of subject matter jurisdiction, the moving party
7  may submit affidavits or any other evidence properly before the court. *Colwell v. Dep't of Health
8  & Human Services*, 558 F.3d 1112, 1121 (9th Cir. 2009). "It then becomes necessary for the party
9  opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of
10 establishing that the court, in fact, possesses subject matter jurisdiction." *Id.*

11 **III.  Discussion**

12       A natural person's citizenship is determined by his domicile. *Kanter v. Warner-Lambert
13 Co.*, 265 F.3d 853, 857 (9th Cir. 2001). In *Lew v. Moss*, the Ninth Circuit set forth the following
14 framework for determining a party's domicile:

15     First, the party asserting diversity jurisdiction bears the burden of proof. Second, a
    person is domiciled in a location where he or she has established a fixed habitation or
16     abode in a particular place, and [intends] to remain there permanently or indefinitely.
    Third, the existence of domicile for purposes of diversity is determined as of the time the
17     lawsuit is filed.
      Finally, a person's old domicile is not lost until a new one is acquired. A change in
18     domicile requires the confluence of (a) physical presence at the new location with (b) an
    intention to remain there indefinitely.
19

20 797 F.2d 747, 749-50 (9th Cir. 1986) (citations and internal quotation marks omitted). The Ninth
21 Circuit has also recognized a number of factors relevant to an individual's domicile, including
22 current residence, voting registration and voting practices, location of personal and real property,
23 location of brokerage and bank accounts, location of spouse and family, membership in unions and
24 other organizations, place of employment or business, driver's license and automobile registration,
25 and payment of taxes. *Id.* at 750.

26

The court concludes Edwards has failed to meet his burden of demonstrating he is a New Hampshire citizen. First, the only evidence he provides concerning his citizenship before his move to Nevada is the conclusory assertion that "[s]ince year 1988 with one brief exception, I have maintained citizenship in . . . Wilton Center, New Hampshire 03086." Furthermore, Edwards's affidavit asserts that in 2007 he became a Nevada citizen. In particular, Edwards provides that after his original tenant suffered health problems, "[c]ircumstances thus immediately and unexpectedly required that Edwards himself . . . promptly relinquish his New England presence and transfer his major ongoing presence to Elko County, Nevada and his ranch property, in order to secure, stabilize and operate this sizable agricultural entity."

Once in Nevada, Edwards states that "[i]n order better to establish and authenticate his Nevada presence and the prerogatives of Nevada citizenship . . . , Edwards established various manifestations of Nevada citizenship." These manifestations include his December 31, 2007, execution of a Nevada Declaration of Homestead, which provides that he does "individually . . . certify and declare" that he is "now residing on the land, premises (or manufactured home)" located in Elko County. Edwards's affidavit also provides that he "sought to establish a major ranch presence along with Nevada citizenship . . . , which he had hoped for years to do." All of these facts show that Edwards was a Nevada citizen in 2007 and 2008.

In opposition to Copenhaver's motion to dismiss, Edwards points to his affidavit's assertion that in 2008 he was compelled to "relinquish his established Nevada citizenship and return his domicile of record to his earlier New Hampshire/New England address." Edwards also swears that after transferring back to New England from Nevada, his "New Hampshire citizenship has been currently solid since mid-2008." Moreover, Edwards attaches several exhibits to his opposition purporting to show that in 2008 Edwards received mail in New Hampshire and renewed his vehicle registration in New Hampshire. This evidence alone, however, is insufficient to demonstrate Edwards's was a New Hampshire domiciliary at the commencement of this lawsuit.

By stating that he was compelled to "return his domicile of record to his New Hampshire/New England address" and his "New Hampshire citizenship has been currently solid since mid-2008," Edwards makes only legal conclusions. *Cf. Lew*, 797 F.2d 747, 750 (recognizing that "courts have . . . stated that domicile is evaluated in terms of 'objective facts,' and that 'statements of intent are entitled to little weight when in conflict with facts'"). Furthermore, that Edwards had a New Hampshire mailing address does little to establish a New Hampshire domicile given his admission that he "also spends certain time at his other residential property in Weston, Massachusetts." Finally, with respect to his New Hampshire vehicle registration, this exhibit, even if it were properly authenticated, is only probative as to one factor of many concerning domicile. *See Lew*, 797 F.2d 747, 750 (9th Cir. 1986) (listing factors). The inference just as readily arises that Edwards established a Nevada domicile in 2007 and early 2008 and that he was thereafter compelled to return to New Hampshire and Massachusetts due to unexpected medical complications, which would not require abandonment of his Nevada domicile.

In sum, Edwards has failed to make a sufficient showing that his citizenship is diverse from Copenhaver's citizenship. No evidence has been presented to identify the ownership of residential property outside Nevada, spouse or family outside Nevada, tax records or voter registration outside Nevada, brokerage or personal bank accounts outside Nevada, business or professional offices outside Nevada, membership in professional or other organizations outside Nevada, or even a New Hampshire or Massachusetts driver's license. The burden is on plaintiff to establish diversity jurisdiction by factual evidence and he has simply failed to do so. This court therefore lacks subject matter jurisdiction over this case.

IT IS THEREFORE ORDERED that Copenhaver's Motion to Dismiss (#5) is GRANTED.

IT IS FURTHER ORDERED that Edwards's Motion to File Response to Defendant Reply and Opposition (#9) is DENIED as moot.

IT IS FURTHER ORDERED that Edwards's Motion to File Out of Time His Reply to Just-

1 | Received Defendant "Opposition and Request" (#11) is DENIED as moot.

2 |     IT IS FURTHER ORDERED that this case is DISMISSED without prejudice.

3 |     The Clerk is directed to enter judgment accordingly.

4 |     IT IS SO ORDERED.

5 |     DATED this 21st day of August, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

6